IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> LLOYD THOMAS RIDER, III, <br><br> Defendant/Movant. | Cause No. CR 15-68-GF-BMM <br><br> ORDER |

Defendant Lloyd Thomas Rider, III pleaded guilty to being a Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), as charged as the sole count of the Indictment on December 15, 2015. (Doc. 20.) The Court sentenced Rider to thirty-months imprisonment, with three years of supervised release to follow on April 7, 2016. (Docs. 28, 29.) Rider began his initial period of supervision on September 4, 2018. (Doc. 36 at 1.)

The Court revoked Rider's supervised release on October 29, 2018, and sentenced Rider to four months of custody followed by thirty-two months of supervised release. (Docs. 39, 43, 44, 45.) Rider began his new period of supervised release on January 18, 2019. (Doc. 47 at 2.) The Court again revoked Rider's supervised release on February 12, 2019. (Doc. 54.) The Court sentenced Rider to five months custody, with twenty-seven months of supervised release to

1

follow. (Docs. 54, 55.) Rider currently remains in the custody of the Bureau of Prisons.

## I. Motion for Early Termination of Supervised Release

Rider moved the Court to terminate early his period of supervision on April 22, 2019. (Doc. 58.) A defendant, who has successfully completed one year of his supervision, is authorized to move for termination of her supervised release. 18 U.S.C. §§ 3564(c), 3583(e)(1). Rider has yet to complete one year of his period of supervised release. Rider's motion to terminate early his period of supervised release proves premature at this juncture.

Rider references the FIRST STEP Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) in his motion to terminate early his period of supervised release. (Doc. 58 at 1-2.) Even assuming his prison sentence should be recalculated, which is not evident, overserving a prison term does not confer eligibility for early termination of supervised release. *See United States v. Johnson*, 529 U.S. 53, 58–60 (2000). Again, Rider's motion to terminate early his period of supervision must be denied.

## II. Adequate Medical Care

Rider further states that he has not been receiving adequate medical care during his period of incarceration. (Doc. 58 at 4.) The Bureau of Prisons currently houses Rider at its facility in Sheridan, Oregon. *Id*. at 1. Rider must pursue any relief for

his alleged inadequate medical care against the applicable prison staff in the District where he is incarcerated. This Court does not possess jurisdiction over individuals located in Oregon. Furthermore, Rider's sought relief must be alleged in a civil complaint, not in a criminal motion.

### III. Motion to Appoint Counsel

Rider also requests that the Court appoint Rider counsel pursuant to the Criminal Justice Act. (Doc. 58.) The Court has concluded that Rider's motion must be denied as premature, and that a complaint for inadequate medical care must be filed in Oregon, not in Montana. Rider's motion to appoint counsel likewise must be denied.

Accordingly, IT IS ORDERED that Rider's motion for early termination and appointment of counsel (Doc. 58) is DENIED.

DATED this 3rd day of May, 2019.

/s/ Brian Morris
Brian Morris
United States District Court Judge